UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JASON W. DALTON & ) | Case Number 23-60746 |
| STEPHANIE M. DALTON, ) | |
| ) | |
| _____Debtors._____ ) | |
| ) | |
| GERARD R. VETTER, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
| _____Movant,_____ ) | |
| ) | |
| *v.* ) | |
| ) | |
| JASON W. DALTON & ) | |
| STEPHANIE M. DALTON, ) | |
| ) | |
| _____Respondents._____ ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the United States Trustee has filed a *Motion To Dismiss Case For Abuse* (the "Motion"). A preliminary hearing on the Motion will be held on November 29, 2023 at 10:00 a.m. The hearing shall be held via video using Zoom for Government using the following information: Meeting ID: 160 369 2643. URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643.

**If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response on or before 7 days prior to the preliminary hearing. Absent a timely filed response, a proposed order will be tendered to the Court dismissing the case and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

## MOTION TO DISMISS CASE FOR ABUSE

Gerard R. Vetter, Acting United States Trustee for Region Four (the "United States Trustee"), by counsel, moves for the entry of an order dismissing the above-referenced Debtors'

1

case pursuant to § 707(b)(1) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). In support of this motion, the United States Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for this motion are §§ 105(a), 707(b)(1) and (b)(3) of the Bankruptcy Code.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. This motion is timely filed.

## BACKGROUND

5. The Debtors are individuals who filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 12, 2023. The petition indicates that the Debtors' debts are primarily consumer debts and that the Debtors live in Charlotte County, Virginia.

6. The Debtors filed schedules and a statement of financial affairs along with the petition on July 12, 2023.

7. The Debtors filed amended Schedules C and J on August 9, 2023 and refiled the same documents on August 10, 2023 to correct a deficiency.

8. The Debtors' Section 341 meeting of creditors was held on August 8, 2023.

9. The petition, schedules, statements and amendments to same filed by the Debtors pursuant to § 521 of the Bankruptcy Code are incorporated by reference.

10. The United States Trustee has reviewed the Schedules, Statement of Financial Affairs, amendments to same and the related documents filed by the Debtors in this case, listened

to the recording of the Section 341 meeting, received and reviewed additional financial information from the Debtors and conducted an interview of the Debtors.

11. According to Schedule I filed on July 12, 2023, Debtor 1 is employed as an Engineering Technician III for the Virginia Department of Transportation and has held that job for 6 months.

12. According to Schedule I filed on July 12, 2023, Debtor 2 is employed as a GIT Specialist for Michael Baker Internationals, Inc. and has held that job for 10 months.

13. The Debtors' household consists of the Debtors, their 19-year-old daughter and two minor children.

14. According to the United States Trustee's interview with the Debtors, the Debtors' 19-year-old daughter is a student with a part time job, but she does not contribute to the household expenses.

15. For the purposes of Official Form 22A-1 (Official Forms 22A-1 and 22A-2 are collectively referred to as the "Means Test"), the Debtors have a household size of five persons.

16. From January 1, 2023 to June 30, 2023 is the applicable period for calculating the Debtors' current monthly income under § 707(b) of the Bankruptcy Code (the "Applicable Period").

17. The United States Trustee requested pay advices from the Debtors for the Applicable Period. Based on the United States Trustee's review of those pay advices the Debtors had "current monthly income" of $11,229.30 during the Applicable Period. That is $134,751.64 on an annualized basis.

18. The Debtors report $9,679.82 in "current monthly income" ($116,157.84 on an annualized basis) on their Means Test filed on July 12, 2023.

3

19. The "Median Family Income" as defined in § 101(39A) of the Bankruptcy Code for a debtor with a household size of five at the time the Debtors' case was filed was $144,152.00.

20. The United States Trustee did not file a statement of presumed abuse under 11 U.S.C. § 704(b)(1) because the Debtors were below the applicable Median Family Income at the time of filing for a household size of five. Accordingly, the United States Trustee is not asserting a claim under 11 U.S.C. § 707(b)(2).

21. On Schedule I filed July 12, 2023, Debtor 1 discloses monthly gross income of $5,438.66.

22. On Schedule I filed July 12, 2023, Debtor 2 discloses monthly gross income of $6,000.82.

23. The Debtors' combined monthly income on disclosed on their Schedule I is $11,439.48 or $137,273.76 on an annualized basis.

24. As alleged above, based on pre-petition pay advices provided by the Debtors, the United States Trustee calculates that the Debtors had "current monthly income" of $11,229.30 during the Applicable Period. That is $134,751.64 on an annualized basis.

25. The Debtors filed an amended Schedule J on August 10, 2023.

26. The amended Schedule J removes three unsecured payments totaling $199.11. Those payments were apparently removed after they were questioned by the Chapter 7 Trustee at the Section 341 meeting of creditors.

27. The total expenses disclosed on the August 10, 2023 amended Schedule J are $6,702.83. *See* Docket No. 21.

28. The Debtors disclosed a positive budget of $1,950.38 per month on amended Schedule J filed on August 10, 2023.

29. On September 25, 2023, an employee of the United States Trustee Program conducted an unsworn interview of the Debtors, with their counsel present.

30. On October 5, 2023, the Debtors filed another amended Schedule J (Docket No. 27).

31. The October 5, 2023 amended Schedule J discloses total expenses of $8,560.79. That is an increase of $1,857.96 in expenses over the August 10, 2023 amended Schedule J.

32. The October 5, 2023 amended Schedule J discloses a positive budget of only $92.42.

33. The Debtors have two expensive, relatively new vehicles – a 2021 Nissan Titan pickup and a 2021 Volkswagen Atlas SUV.[1]

34. The Debtors purchased the 2021 Nissan new. The payment on the Nissan is $801.00 per month.

35. The Debtors purchased the 2021 Volkswagen new. The payment on the Nissan is $782.00 per month.

36. After the interview on September 25, 2023, the United States Trustee requested the Debtors' bank statements from March to August of 2023. The Debtors provided essentially all of the requested statements to the United States Trustee.

37. A review of the Debtors' bank statements from March of August of 2023 (six months) reveals that the Debtors are engaging in excessive and unnecessary spending, including, but not limited to, the following:

---

[1] The Debtors have a third vehicle – a 2012 Ford Focus. There is no secured debt on the Focus. It is apparently driven by the Debtors' 19-year-old daughter.

A. An average of $183.11 per month in expenses related to boating and hunting. This does not include the secured debt payment for the boat or the boat insurance;

B. An average of $694.90 per month spent at restaurants;

C. An average of $895.46 per month in cash withdrawals at ATMs;

D. An average of $242.15 per month in payments at convenience stores of less than $20.00. The United States Trustee chose the $20.00 threshold to eliminate payments for gas. Based on the bank statements, the Debtors spent an average of $595.01 per month on gas (separate from these small convenience store purchases);

E. An average of $36.85 in veterinarian and pet expenses. The Debtors' do not schedule a dog, cat or other pet.

38. In addition, the Debtors disclose deductions on Schedule I and improper expenses on the October 5, 2023 amended Schedule J as follows:

| Schedule and Line | Description | Amount | Comments |
|---|---|---|---|
| Sch. I, Line 5e (Debtor 1) | Insurance | $306.82 | Based on the United States Trustee's review of the Debtors' pay advices this amount is not being deducted from Debtor 1's pay |
| Sch. J, Line 7 | Food and housekeeping supplies | $1,400.00 | Increased $300.00 over August 10, 2023 Schedule J – Excessive and unreasonable, especially when combined with Debtors' spending at restaurants and convenience stores |
| Sch. J, Line 9 | Clothing, laundry, etc. | $370.00 | Increased $245.00 over August 10, 2023 Schedule J – Excessive and unreasonable |
| Sch. J, Line 11 | Medical and dental expenses | $550.00 | Increased $500.00 over August 10, 2023 Schedule J – Review of Debtors' bank statements reflects average medical expenses of $145.00 per month. Excessive and unreasonable |

6

| Sch, J, Line 12 | Transportation | $900.00 | Increased $500.00 over August 10, 2023 Schedule J – Excessive and unreasonable |
| --- | --- | --- | --- |
| Sch. J, Line 15d | Boat insurance | $30.41 | Not necessary to the Debtors support and maintenance. Excessive and unreasonable. |
| Sch. J, Line 17c | Secured payment for boat[2] | $258.00 | Not necessary to the Debtors support and maintenance. Excessive and unreasonable. |

39. The Debtors filed Schedule E/F on July 12, 2023. Schedule E/F discloses $61,544.50 in general unsecured debt. Of that, $42,228.73 (69%) is credit cards or consumer loans. $15,000.00 (24%) is owed to an individual. The remainder is medical debt. *See In re Norris*, 225 B.R. 329, 332-33 (Bankr. E.D. Va. 1998) (if debtor "incurred cash advances and consumer purchases beyond [his or her] ability to pay" that factor weighs in favor of dismissal) (citing *In re Green*, 934 F.2d 568, 572 (4th Cir. 1991)).

40. Based on their income, budget and expenses reflected in the bank statements, the Debtors could make substantial payments to their creditors whether in or out of bankruptcy. *See in re Almond*, 344 B.R. 470, 480-81 (Bankr. W.D. Va. 2006) (holding ability to repay debt is the primary factor in determine substantial abuse) (citing *U.S. Trustee v. Harrelson*, 323 B.R. 176, 179-180 (W.D. Va. 2005)).

41. The Debtors are "paying for luxuries that are unreasonable in light of their financial situation . . . ." *Harrelson*, 323 B.R. at 179. This includes high monthly payments on two vehicles purchased new, payments related to a boat (which they could have surrendered but did not), excessive spending at restaurants, and excessive small purchases at convenience stores.

---

[2] The Debtors are keeping the boat. They filed a reaffirmation agreement on October 3, 2023 (Docket No. 26).

42. The Fourth Circuit has identified "[w]hether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition" as a factor that is relevant to a determination of whether a case should be dismissed under the "totality of the circumstances" test. *See In re Green*, 934 F.2d 568, 572 (4th Cir. 1991). Inaccurate schedules weigh in favor of dismissal "regardless of [a] [d]ebtor's motive or intent to deceive." *Almond*, 344 B.R. at 482.

43. Here the Debtors schedules and other documents filed with the Court do not reasonably and accurately reflect their true financial condition. This includes:

A) the statement on Debtor 1's Schedule I that there is a deduction of $306.82 that is not, in fact, being taken;

B) the fact that the Debtors' Means Test does not accurately reflect their "current monthly income," and;

C) the fact that the Debtors filed an amended Schedule J drastically increasing their expenses after being interviewed by a representative of the United States Trustee.

44. It does not appear that the Debtors filed bankruptcy because of sudden illness, calamity, disability or unemployment. *See Almond*, 344 B.R. at 481 (holding fact that bankruptcy was not filed "because of sudden illness, calamity, disability, or unemployment" weighed in favor of dismissal).

45. The Debtors are currently employed and are earning a comparatively high income.

## BASIS FOR RELIEF

*Granting the Debtors A Discharge Would Be An Abuse Of Chapter 7 Of The Bankruptcy Code Pursuant to 11 U.S.C. § 707(b)(3).*

46. Section 707(b)(3) of the Bankruptcy Code states:

8

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider—
>
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

47. The totality of the circumstances of the Debtors' financial situation demonstrates that it would be an abuse of the provisions of chapter 7 of the Bankruptcy Code for the Debtors to receive a chapter 7 discharge. By way of example and not limitation, the Debtors: (i) have the ability to fund a substantial distribution to the Debtors' general unsecured creditors if they were to adjust, even incrementally, their spending habits; (ii) have the ability to repay a substantial portion of the scheduled unsecured creditors' claims in a chapter 13 plan; (iii) have incurred cash advances and made consumer purchases in excess of their ability to repay; (iv) are unnecessarily and unreasonably retaining a boat and thus continuing to incur its accompanying expenses; (v) have relatively well-paying sources of income; (vi) are claiming excessive and/or improper deductions on Schedule I and expenses on Schedule J; (vii); currently have inaccurate schedules and other documents on file; (viii) had a positive budget of $1,950.38 on Schedule J prior to the October 5, 2023 amendment; (ix) filed a dramatically different and self-serving Schedule J after being interviewed by representatives of the United States Trustee; (x) are engaged in excessive and unnecessary spending, including purchasing two new vehicles with high monthly payments and spending at convenience stores and restaurants; (xi) did not file this case because of any sudden illness, calamity, disability or unemployment. Viewed under the totality of the circumstances of the Debtors' financial situation, the Court should dismiss the Debtors' case unless they voluntarily convert their case to one under either chapter 11 or 13 of the Bankruptcy Code.

48. The United States Trustee reserves the right to alter or amend the allegations contained in this motion as more information becomes available.

WHEREFORE, the United States Trustee, by counsel, respectfully requests the entry of an order dismissing the Debtors' case pursuant to § 707(b)(1) of the Bankruptcy Code unless the Debtors voluntarily converts their case.

Date: October 10, 2023                    Respectfully submitted,

Gerard R. Vetter, Acting United
States Trustee for Region Four

By: /s/ B. Webb King

Office of The United States Trustee
B. Webb King, Trial Attorney
VSB # 47044
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2838
webb.king@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that on October 10, 2023, I electronically filed the foregoing with the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case, including counsel for the Debtors. On this same date, I mailed a copy by first class mail to:

| Jason W. Dalton<br>445 Knollwood Dr.<br>Woodlawn, Virginia 24381 | Stephanie M. Dalton<br>445 Knollwood Dr.<br>Woodlawn, Virginia 24381 |
|---|---|
| Kermit A. Rosenberg, Esq.<br>Washington Global Law Group<br>1701 Pennsylvania Ave. NW<br>Suite 200<br>Washington D.C. 20006 | |

/s/ B. Webb King